```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| **LAMBERT DAVID,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:16-CV-00823 |
| | : | |
| vs. | : | |
| | : | |
| **JOHN WETZEL, ET AL.,** | : | (Judge Rambo) |
| | : | |
| Defendants | : | |

## MEMORANDUM

### Background

On May 9, 2016, Plaintiff Lambert David, an inmate at the State Correctional Institution at Camp Hill, Camp Hill, Pennsylvania ("SCI-Camp Hill"), filed a complaint pursuant to 42 U.S.C. § 1983 against the following three individuals: (1) John Wetzel, the Secretary of the Pennsylvania Department of Corrections; Laurel R. Harry, the Superintendent at SCI-Camp Hill; and (3) Jennifer Digby, Unit Manager of D and E Blocks at SCI-Camp Hill. (Doc. 1.)

Plaintiff's statement of claim set forth in a form § 1983 complaint routinely provided to inmates is very brief, consisting of 3 paragraphs. David claims

that he was subjected to atrocious conditions-of-confinement at SCI-Camp Hill in violation of his rights under the Eighth Amendment to be free from cruel and unusual punishment.(Id.) David alleges that the walls of D-Block were covered in feces, urine and food; the block was infested with rodents and insects; the air vents were covered with mold; and the toilets were malfunctioning and leaking water constantly. (Id.) David claims the "mice [and] bugs ruled the entire block" and "they would defecate in the cells and climb into the beds with you." (Id.) David does not indicate what physical injury he suffered as a result of these conditions other than the black mold covering the vents caused him to have nausea. (Id.) David fails to indicate when or how long he was exposed to these conditions or for how the Defendants, who are supervisory officials, were responsible for them. He requests an unspecified amount of compensatory and punitive damages. (Id.)

Along with the complaint, Plaintiff filed a motion to proceed in forma pauperis and an authorization

to have funds deducted from his prison account to pay the filing fee in installments. (Docs. 2, 3.) )  On June 23, 2016, Plaintiff filed a motion for appointment of counsel. (Doc. 7.)  For the reasons set forth below, David will be directed to file an amended complaint and his motion for appointment of counsel will be denied.

**Discussion**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., the full filing fee ultimately must be paid (at least in a non-habeas suit).  Also, a new section was added which relates to screening complaints in prisoner actions.[1]

---

1. Section 1915(e)(2) provides:

>   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune
>                                                  (continued...)

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-581 (2003); Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. Martinez v. California, 444 U.S. 277, 285 (1980).[2] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of

---

1. (...continued)
   from such relief.

2. The Martinez court explained: "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Id.

and acquiesced in, the deprivation of a plaintiff's constitutional rights.  See Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Plaintiff must allege that each named defendant was personally involved in the events or occurrences that underlie the claim.  See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003), (citations omitted).  Liability may not be imposed under Section 1983 on the principle of respondeat superior.  Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).  Rather, "supervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct."  Id. at 106 n.7.

The fundamental principles of Eighth Amendment[3] analysis reveal that "only 'the unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by [that Amendment]." <u>Ingraham v. Wright</u>, 430 U.S. 651, 670 (1977) (citations omitted). <u>Accord</u> <u>Whitley v. Albers,</u> 475 U.S. 312, 319 (1986). This Amendment must be interpreted in accordance with "the evolving standards of decency that mark the progress of a maturing society." <u>Trop v. Dulles</u>, 356 U.S. 86, 101 (1958). But a judge, when confronted with an Eighth Amendment claim, may not impose upon a prison his or her "notions of enlightened policy." <u>Hassine v. Jeffes</u>, 846 F.2d 169, 175 (3d Cir. 1988).

The right at stake here -- to be free from cruel and unusual punishment while incarcerated -- has both objective and subjective components. <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991). The objective component, <u>i.e.</u>, whether the wrongdoing is harmful enough to establish a constitutional violation, is both

---

3. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

6

"contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992)(quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  In the context of the prison environment, "extreme deprivations are required to make out a conditions-of-confinement claim." Id. at 9.  Part of the penalty facing those who violate the norms of society is routine discomfort.  Id.; Rhodes v. Chapman, 452 U.S. 337, 346 (1981).  The Eighth Amendment does not require that inmates be provided with comfortable prisons.  Rhodes, 452 U.S. at 349; Loe v. Wilkinson, 604 F. Supp. 130, 133-34 (M.D. Pa. 1984).  To determine whether conditions of confinement are in violation of the Eighth Amendment, a court must look at the totality of the circumstances.  Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990).  The United States Supreme Court in Wilson held that

> [s]ome conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise -- for example, a low cell temperature at night combined with a failure to issue

> blankets. To say that some prison conditions may interact in this fashion is a far cry from saying that all prison conditions are a seamless web for Eighth Amendment purposes. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists.

501 U.S. at 304-305 (citations omitted).

The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind". <u>Wilson</u>, 501 U.S. at 298. The legal malice required to satisfy the subjective component of an Eighth Amendment claim is not present unless the defendant's conduct involved unnecessary and wanton infliction of pain. <u>Id.</u>; <u>Ingraham</u>, 430 U.S. at 670; <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976). Wantonness "does not have a fixed meaning but must be determined with 'due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged.'" <u>Wilson</u>, 501 U.S. at 302 (quoting <u>Whitley</u>, 475 U.S. at 320). In the final analysis the Court concluded that an inmate must demonstrate that a prison official was deliberately indifferent to the conditions of his or her

confinement. Id. at 303. Over 20 years ago, in Farmer v. Brennan, ___ U.S ___, 114 S.Ct. 1970 (1994), the Court described the standard for determining deliberate indifference as follows:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 1979. The Court added that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 1981.

With respect to the Defendants, there are no allegation in the complaint from which it could be concluded that they were personally involved in subjecting plaintiff to the conditions of which he complains. There is no basis to conclude that they knew of, participated in or acquiesced in any unlawful conduct. Furthermore, there are no allegations set forth in the complaint from which it could be concluded that David was exposed to anything other than temporary

discomfort or that Defendants were deliberately indifferent to the adverse conditions-of-confinement.

     Pro se parties are accorded substantial deference and liberality in federal court. Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

     Although there is not a heightened pleading standard in § 1983 cases, a § 1983 complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. A civil rights complaint complies with this standard if it alleges the conduct

violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, David's complaint is in violation of Rule 8. It does not give the defendants fair notice of what David's claim is and the grounds upon which it rests. Even taking into account the fact that David is proceeding pro se, his complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure and is subject to sua sponte dismissal by the court. Such dismissal will be ordered with leave to file an amended complaint. See Ala' Ad-Din Bey v. U.S. Department of Justice, 457 Fed.Appx. 90, 91 (3d Cir. 2012)(quoting Salahudin v. Cuomo, 861 F.2d 40 (2d Cir. 1988)).

Based upon the above legal standards, it is clear that any claims against the named defendants are subject to dismissal because David fails to set forth any factual allegations against them in the complaint. There are no factual allegations with respect to where

11

and when each defendant was involved in wrongdoing. Without such factual allegations, it is impossible to conclude that defendants have deprived David of any constitutional rights entitling him to monetary damages. As such, the present complaint will be dismissed pursuant to Rule 8, as well as, 28 U.S.C. § 1915(e)(2)(B)(ii) as he fails to state a claim against the defendants upon which relief may be granted.[4]

---

4. While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal,___U.S.___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

Although the complaint as filed fails to state a cause of action against any of the named defendants, it is possible that the deficiencies may be remedies by amendment.  Consequently, David will be granted such opportunity.  David is also advised that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If David fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, a court does have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(d).  Tabron v. Grace, 6 F.3d 147, 153, 155-57 (3d Cir. 1993) (setting forth non-exhaustive list of factors to be considered in ruling on motion for appointment of counsel, including

13

the merits of the claims and the difficulty of the legal issues), cert. denied, 114 S.Ct. 1306 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated, however, that appointment of counsel for an indigent litigant should only be made "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). But no part of the discussion in Smith-Bey of circumstances warranting appointment of counsel should be interpreted to mean that "appointment is permissible only in exceptional circumstances and that, in the absence of such circumstances, the court has no discretion to appoint counsel." Tabron, 6 F.3d at 155.

    Plaintiff's motion fails to set forth sufficient special circumstances or factors warranting appointment

of counsel.  See Tabron v. Grace, supra.  The case is not complex and the court at this juncture cannot tell that it has arguable merit.  Moreover, the court can not say, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on his own.

In the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered by the court either sua sponte or upon a motion properly filed by Plaintiff.

An appropriate order will be entered.


                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge


Date: June 30, 2016